IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CHARLES LINDSEY PERRY, JR., | : |
| | : |
| Plaintiff, | : |
| | : |
| VS. | : |
| | : CIVIL No: 5:20-cv-00468-TES-MSH |
| STATE OF GEORGIA JUDICIAL ADMINISTRATION OF LAMAR COUNTY, *et.al.*, | : |
| | : |
| Defendants. | : |

## ORDER AND RECOMMENDATION

Plaintiff Charles Lindsey Perry, Jr., a pretrial detainee at the Lamar County Jail in Barnesville, Georgia, filed this *pro se* complaint (ECF No. 1) seeking relief under 42 U.S.C. § 1983 in the United States District Court for the Northern District of Georgia on December 9, 2020, without prepaying the Court's filing fee. The case was transferred (ECF Nos. 4, 5) to this Court on December 14, 2020. Plaintiff has also filed a "Motion to Dismiss Charges for Constitutional Federal Violations" (ECF No. 7). Because Plaintiff's complaint is duplicative of his claims in a pending case before this Court and because Plaintiff failed to disclose the existence of his pending lawsuit, it is **RECOMMENDED** that this action be **DISMISSED** in its entirety without prejudice.

First, Plaintiff's Motion to Dismiss charges pending in a Georgia Superior Court

(ECF No. 7) is **DENIED** for lack of jurisdiction.[1]

District courts are obligated to review complaints filed by prisoners seeking redress from government entities "as soon as practicable" and to dismiss such claims that are "frivolous, malicious, or fail[] to state a claim." 28 U.S.C. § 1915A.  A complaint that is duplicative of a previously-filed complaint is frivolous and can constitute abusive litigation.  *See Pipore v. Blakely*, No. 7:18-cv-00001-HL-TQL (M.D. Ga. Feb. 5, 2018) (quoting *Bailey v. Johnson*, 846 F.2d 1019 (5th Cir. 1988) (noting that "[d]uplicative or repetitive litigation is subject to dismissal," and that a complaint "that merely repeats pending or previously litigated claims may be considered abusive and dismissed")).

Plaintiff has an additional § 1983 claim pending before this Court—*Perry v. Unnamed*, 5:20-cv-00457-TES-CHW (M.D. Ga. Nov. 30, 2020).[2] Plaintiff's claims in this case are duplicative of the claims he raises in that case.  In both complaints, Plaintiff alleges that his constitutional rights were violated when he was arrested for theft-related charges and denied bond.  *Compare* Compl. 4-5, ECF No. 1 *with Perry v. Unnamed*, Amended Complaint 4-5 (M.D. Ga. Jan. 5, 2021), ECF No. 7.  Both complaints assert the same claims against the same defendants (the "Judicial Administration" of Lamar County, Lamar

---

[1] To the extent Plaintiff seeks dismissal of the charges or his release from jail, he has requested relief unavailable under § 1983.  *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  This Court likewise lacks authority to otherwise intervene in Plaintiff's ongoing state criminal prosecution. *See Doby v. Strength*, 758 F.2d 1405, 1406 (11th Cir. 1985); *Younger v. Harris*, 401 U.S. 37, 43 (1971) (district courts are to refrain from interfering with ongoing criminal prosecutions when the party requesting federal intervention has an adequate remedy at law and will not suffer irreparable injury).

[2] Plaintiff's third case pending before this Court based on the same allegations is *Perry v. Lamar County*, 5:21-cv-00006-TES-CHW (M.D. Ga. Jan. 5, 2021).  Because it is a habeas action, it is not subject to this Order relevant to his § 1983 cases.

County District Attorney, Attorney Brad Morris, and Sgt. Tim Davis) and seek damages that are described as "rewards" and/or "civil reparations," as well as employment resignations by some of the Defendants. *Id.*

Additionally, on the complaint form filed in this case, Plaintiff failed to disclose his previous litigation history, leaving the spaces under the question "have you filed other lawsuits in Federal Court while incarcerated in any institution?" blank as to his pending federal action filed on November 30, 2020, which was docketed as *Perry v. Unnamed Defendant*, 5:20-cv-00457-TES-CHW (M.D. Ga. Nov. 30, 2020), after transfer to this Court. This constitutes an abuse of process and further justifies dismissal of this action. *See Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

Because Plaintiff's complaint in this action is duplicative of his claims in previously-initiated litigation, and because Plaintiff failed to disclose his litigation history as required, it is **RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915A as frivolous and abusive.[3]

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation to United States District Judge Tilman E. Self, III., **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Report and Recommendation. The parties may seek an extension of time in which to file written

---

[3] Plaintiff has filed a motion for leave to proceed *in forma pauperis* (ECF No. 2). That motion is **DENIED** as moot.

objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

      **SO ORDERED** and **RECOMMENDED**, this 2nd day of February, 2021.

                       /s/ Stephen Hyles
                       UNITED STATES MAGISTRATE JUDGE